Boynton, O. J.
Proceedings in bastardy were commenced before the mayor of the incorporated village of Riverside by the plaintiff in error, Katie Miller, against the defendant, W illiam Oehler, on the 14th day of January, 1879. The mayor recognized the defendant to appeal1 at the next term of the court of common pleas of Hamilton county, to answer the accusation and abide the order of the court. The prosecution in the court of common pleas resulted in a judgment that the defendant was the reputed father of the bastard child, and that he stand charged with its maintenance in the sum- of $600, to be paid upon the entry of the judgment. The defendant in error carried the proceedings to the district court, where the judgment of the court of common pleas was reversed, upon the ground that the mayor of the incorporated village of Riverside had no jurisdiction or power to entertain the complaint. This judgment of reversal it is here sought to reverse. AVe are of the opinion that the district court erred in reversing the judgment *626 of the court of common pleas. If the question of jurisdiction depended alone on the provisions of the bastardy act, there •would be no doubt that a justice of the peace would have exclusive jurisdiction over the preliminary examination. But the act defining the powers and prescribing the duties of a mayor of a city or village declares that, within the limits of the corporation, he shall have all the jurisdiction and powers of a justice of the peace in all civil cases (75 Ohio L. 212), and concurrent jurisdiction with justices of the peace in criminal proceedings throughout the county. 75 Ohio L. 227-8. "Were this an original provision .there would be much doubt whether the legislature intended to embrace proceedings in bastardy, or any special proceedings, within the term “civil eases.” But when we trace the legislation on the subject this doubt is removed. Section 51 of the act of May 3, 1852, to provide for the organization of cities and incorporated villages (2 S. es 0. 1493), provided that the mayor should have, within the limits of the corporation, “ all the power and jurisdiction of a justice of the peace in all matters, civil and criminal, arising under the laws of this state, to all intents and purposes whatever.” Section 114 of the municipal code, enacted in 1869, preserving the substance and legal effect of this provision, provided, that within the limits of the corporation the mayor should have all the jurisdiction and powers of a justice of the peace, in all matters, civil and criminal, arising under the laws of this state, and for crimes and offenses his jurisdiction should be eo-extensive with the county. 66 Ohio L. 169. In the revision of 1878 (75 Ohio L. 212, 228), the subject matter of this provision was divided into two sections; the first conferring upon the mayor, within the limits of the corporation, all the jurisdiction and powers possessed by a justice of the peace in “civil cases,” and the other, jurisdiction in felonies, and other criminal proceedings not specially provided for by the act, to be exercised throughout the county, concurrently with that of a justice of the peace. It is very obvious that by the act of 1852, and by section 114 of the municipal code, while they were respectively in force, the jurisdiction of the mayor embraced the power to entertain proceedings in bastardy, as *627 fully as to entertain any other proceedings of a civil nature. And we think it was not the purpose of the legislature by the change of language found in the present act to withdraw the power thus previo usly possessed. It is a familiar rule, that wh ere an act of the legislature has been revised, the same construction will be given to its provisions as before revision, unless the language of the new act plainly requires a change of construction to conform to the manifest intent of the legislature. State ex rel. Clough v. Commissioners of Shelby County, ante, 326.
There is no reason arising from the nature of proceedings in bastardy why the preliminary inquiry or examination should be made exclusively by a justice of the peace. If the matter is adjusted, or a settlement reached, before final judgment in the court of common pleas, between the accused and the complainant, by his paying, or securing to be paid to her, an agreed sum, and executing the bond provided for by the statute, .such bond is required to be conditioned to save all municipal corporations within the state free from all charges for the maintenance of the bastard child, as well as all counties and townships. 75 O. L. 741. And where the mother of the child neglects to bring suit for its maintenance, or fails to prosecute a. suit duly commenced, the treasurer of a municipal corporation interested in the support of such bastard child may make complaint in behalf of the corporation, or take up and prosecute the complaint made by the mother of such child, unless sufficient security is offered to save the corporation from the expense of the child’s maintenance. 75 O. L. 744. I mention these provisions only for the purpose of showing that there is no reason growing out of the character of the proceeding, why the preliminary examination should not be made by a mayor of a city or village, as well as by a justice of the peace. We are inclined to the view, and so hold, that by the change in phraseology from “civil matters” to “civil cases” in the provision defining the civil jurisdiction of the mayor, the legislature did not intend to withdraw from the mayor the power to entertain a complaint in bastardy.

Judgment of the district court reversed and that of the common pleas affirmed.